UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-00243 |
| ) | Chief Judge Haynes |
| ) | |
| DAVID A. FLETCHER, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM

Before the Court is Defendant's motion for judgment of acquittal (Docket Entry No. 115) to which the Government responded (Docket Entry No. 117). Defendant contends that the Court should grant a judgment of acquittal based upon the jury's discharge without reaching a verdict and insufficiency of the evidence. In response, the Government contends that there is sufficient evidence to convict.

## A. Review of the Record

On October 7, 2009, Defendant was indicted in the Middle District of Tennessee for being a felon in possession of ammunition. On August 22, 2012, Defendant's jury trial commenced. Defendant's counsel orally moved for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure after the close of the Government's case and after the close of Defendant's case that the Court reserved. On August 23, 2012, after the jury failed to reach a verdict, Defendant renewed his motion for judgment of acquittal. The Court denied Defendant's motions.

## B. Conclusions of Law

A motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure is "a challenge to the sufficiency of the evidence." United States v. Jones, 102 F.3d 804, 807 (6th Cir.1996). If the Court reserves a motion for acquittal at the end of the Government's proof, then the Court can consider only the proof presented at the time of the motion. Fed. R. Crim. P. 29(b). The standard for deciding a motion for acquittal "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Alvarez, 266 F.3d 587, 596 (6th Cir. 2001). "All conflicts in the testimony are resolved in favor of the government, and every reasonable inference is drawn in its favor." United States v. Geisen, 612 F.3d 471, 488 (6th Cir. 2010) (quoting United States v. Bashaw, 982 F.2d 168, 171 (6th Cir. 1992)). Review of the sufficiency of the evidence is "quite limited." United States v. Crossley, 224 F.3d 847, 855 (6th Cir. 2000). "[I]n raising a sufficiency of the evidence claim, a defendant 'bears a very heavy burden.'" Geisen, 612 F.3d at 488 (quoting United States v. Spearman, 186 F.3d 743, 746 (6th Cir. 1999)).

To prove the crime of felon in possession of ammunition, the Government mus prove: (1) that the Defendant has been convicted of a crime punishable by imprisonment for more than one year; (2) that the Defendant, following his conviction, knowingly possessed ammunition specified in the indictment; and (3) that the specified ammunition crossed a state line prior to the alleged possession. (Docket Entry No. 128, Trial Transcript, Jury Instructions at 159). Defendant argues that the Government failed to prove that Defendant had actual or constructive possession of the shoulder holster, containing the ammunition. Defendant asserts that the Government failed to present any direct evidence that Defendant ever wore the shoulder holster that was found in the apartment or carried the two clips that contained the twelve rounds of ammunition seized.

In response, the Government contends that it presented sufficient proof that Defendant possessed the ammunition, as the ammunition was found in the holster with the Airsoft pistol in Defendant's apartment near where Defendant was sleeping and there was evidence indicating that the Airsoft pistol belonged to Defendant.

"Evidence of constructive possession suffices to satisfy the requirement under § 922(g)(1) of proof that a defendant possessed a firearm." United States v. Kincaide, 145 F.3d 771, 782 (6th Cir. 1998). Constructive possession may be proved by either direct or circumstantial evidence. United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.1973). "Proof that "the person has dominion over the premises where the firearm is located" is sufficient to establish constructive possession." Kincaide, 145 F.3d at 782; United States v. Hadley, 431 F.3d 484, 507 (6th Cir. 2005) (finding that the defendant constructively possessed the firearm as the firearm was found in a drawer of an armoire located in the bedroom shared by the defendant and his wife and a gun holster was in plain view in the bedroom); Craven, 478 F.2d at 1333-34 (finding constructive possession where a gun was found in a residence where (1) the gun was found in the master bedroom, a room in which monogrammed men's shirts bearing the defendant's initials were found, and (2) testimony that showed that the defendant slept in the room); United States v. Shores, No. 02–6476, 2004 WL 690163, at *3 (6th Cir. Mar.30, 2004) (finding that the defendant's constructive possession of a firearm was established through evidence that the gun was found in the defendant's bedroom, "a room in a house over which he had dominion and control"); see United States v. Grubbs, 506 F.3d 434, 440 (6th Cir. 2007) ("When the defendant is found in close proximity to a firearm at the time of the arrest, the inference of dominion and control is particularly strong, and thus the incriminating evidence needed to corroborate the conviction is less. . . . For example, if a defendant is found with

3

a firearm under the seat of the car he is driving, and he is the lone passenger of the car, we may require less evidence to infer that he knowingly has the power and intention to exercise dominion and control over the discovered firearm.").

Here, the evidence showed that Defendant lived at the residence where he was arrested, was alone at the time of his arrest, and the holster containing the gun and ammunition was in plain view and located within six or seven feet from Defendant's bedroom where he was arrested. (Docket Entry No. 127, Trial Transcript at 17, 19, 21, 28-30). James Grant testified that Defendant admitted to carrying an Airsoft pistol because it looked like a firearm and, as a bounty hunter, Defendant wanted fugitives to believe that Airsoft pistol was a real firearm. Id. at 30. Kevin Koback also testified that he had a conversation with Defendant a few days after the arrest and that Defendant admitted to carrying an Airsoft pistol. Id. at 70. Kelly Morris, testifying as a 404(b) witness, stated that he saw Defendant with an Airsoft pistol on June 2, 2009, that appeared to be the same make and model with a silver tip, as the Airsoft pistol seized. Id. at 87-89. Morris admitted that he could not say it was the identical Airsoft pistol. Id. at 91. See United States v. Newsom, 452 F.3d 593, 610 (6th Cir. 2006) (quoting United States v. Alexander, 331 F.3d 116, 127 (D.C.Cir.2003)) ("'[E]vidence of some other factor—including connection with a gun, proof of motive, a gesture implying control, evasive conduct, or a statement indicating involvement in an enterprise—coupled with proximity may suffice.'").

Further, Darron Grundman testified that he had seen Defendant carry an Airsoft pistol and that Defendant threatened Grundman to claim ownership of the gun and holster. (Docket Entry No. 128, Trial Transcript at 33, 36-38). See United States v. Mendez-Ortiz, 810 F.2d 76, 79 (6th Cir. 1986) ("[E]vidence that defendant attempted to bribe and threatened a witness, is admissible to show

consciousness of guilt."); United States v. Touchstone, 726 F.2d 1116, 1118 (6th Cir. 1984) (approving the district court's instruction: "The intentional flight or concealment of a defendant after he is accused of a crime that has been committed, is not, of course, sufficient in itself to establish his guilt; but is a fact which, if proved, may be considered by the jury in the light of all other evidence in the case, in determining guilt or innocence."); see Sixth Circuit Pattern Criminal Jury Instruction 7.14 (2011).

Thus, the Court concludes that the Government's evidence was sufficient to support a finding that Defendant possessed the ammunition.

The Defendant's reliance on United States v. Beverly, 750 F.2d 34 (6th Cir. 1984), United States v. Birmley, 529 F.2d 103, 107 (6th Cir. 1976) and United States v. Grubbs, 506 F.3d 434 (6th Cir. 2007) is misplaced. In Beverly, the Sixth Circuit found the facts insufficient to prove constructive possession where the police found firearms in a waste basket between the defendant and another person in the kitchen of another person's residence. 750 F.2d at 35. In Birmley, the Sixth Circuit upheld the convictions of the vehicle's owner and the driver who possessed the key to the trunk at the time of their arrest under a theory of constructive possession, but overturned the conviction of a third passenger who was sitting in the rear seat of the vehicle. 529 F.2d at 107-08. In Grubbs, the Sixth Circuit held that the evidence was insufficient to establish that the defendant constructively possessed the firearm where the firearm was found under the defendant's brother's mattress and the defendant was a temporary guest who slept on the couch. 506 F.3d at 439-40; see id. at 440 ("It would be one thing if Grubbs owned the home where the handgun was found, see Craven, 478 F.2d 1329 (affirming conviction when the defendant owned the house); or if he had some contact with the room where it was found, see Birmley, 529 F.2d 103 (affirming conviction

where the defendant drove the vehicle and had access to the trunk where weapons were found); or if he knew of its location.").

### C. Conclusion

Accordingly, for the foregoing reasons, Defendant's motion for judgment of acquittal (Docket Entry No. 115) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 21st day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court